IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-79-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOSEPH IRVEN POWELL, JR., )<br>)<br>Defendant. ) | **ORDER OF DETENTION PENDING TRIAL** |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

**Background**

Defendant was charged in a 22-count indictment on 23 April 2014 with: conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning in or about January 2007, and continuing up to and including on or about 23 April 2014 in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); possession of equipment, chemicals, products and material with the intent to manufacture methamphetamine, and aiding and abetting the same, on or about 31 January 2011 (ct. 3), 20 June 2011 (ct. 6), and 16 October 2012 (ct. 15) in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; possession of methamphetamine with the intent to distribute, and aiding and abetting the same, on or about 31 January 2011 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2 (ct. 4); possession of pseudoephedrine with the intent to manufacture a controlled substance on or about 31 January 2011 (as well as aiding and abetting

the same) (ct. 5), 20 June 2011 (ct. 7), and 16 October 2012 (ct. 16) in violation of 21 U.S.C. § 841(c)(1); possession of a firearm in furtherance of a drug trafficking offense on or about 16 October 2012 in violation of 18 U.S.C. § 924(c) (ct. 17); possession of a stolen firearm on or about 16 October 2012 in violation of 18 U.S.C. §§ 922(j) and 924 (ct. 18); and possession of a firearm and ammunition by a convicted felon on or about 16 October 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 19). The proffer by the government showed that defendant played a central role as a methamphetamine cook in the methamphetamine conspiracy charged in the indictment.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the proffer of the government and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community if defendant is released. This alternative finding is based on, among other factors, the drug-related nature of the charges against defendant, defendant's deep involvement in the alleged drug conspiracy, and his extensive criminal record.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

2

Case 5:14-cr-00079-FL   Document 61   Filed 05/05/14   Page 2 of 3

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 2nd day of May 2014.

James E. Gates
United States Magistrate Judge