IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-79-FL-1
No. 5:16-CV-956-FL

| | | |
|---|---|---|
| JOSEPH IRVEN POWELL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 485). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 493). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On April 29, 2015, petitioner was charged in a fourteen-count superseding indictment. On August 4, 2015, pursuant to a written plea agreement, petitioner pleaded guilty to the following: conspiracy to manufacture, distribute, dispense and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count One); and possession of a firearm in furtherance of a drug trafficking offense (Count Nine).

Petitioner's sentencing was held on January 5, 2016. In calculating petitioner's Guidelines

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

range, the court began with a base offense level of 32, which was based upon the weight of pseudoephedrine and applied a two-level enhancement because the court found that petitioner maintained a premises for the purpose of manufacturing or distributing a controlled substance. See U.S.S.G. § 2D1.1(b)(12). The court applied another two-level enhancement because the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of hazardous waste. See U.S.S.G. § 2D1.1(b)(13)(A). A four-level enhancement was then applied because petitioner was found to be an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. See U.S.S.G. § 3B1.1(a). Then, a two-level enhancement was applied because the court determined that petitioner willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the offense of conviction and any relevant conduct; or a closely related offense. See U.S.S.G. § 3C1.1.

Petitioner's adjusted offense level subtotal was 42. Petitioner was found to be a career offender, which also resulted in an offense level of 42. Petitioner's offense level was then decreased by three levels for acceptance of responsibility. See U.S.S.G. § 3E1.1(a), (b). Petitioner's Guideline range was determined to be 420 months to life, which was based on a total offense level of 39 and a criminal history category of VI.[2]

The court sentenced petitioner to a total of 420 months' imprisonment: 360 months on Count One and 60 months on Count Nine, to be served consecutively. See J. (DE 401). Petitioner did not

---

[2] Petitioner had a total criminal history score of 18, which resulted in a criminal history category of VI. PSR ¶ 78. Petitioner was a career offender, so this also resulted in a criminal history category of VI. PSR ¶ 79 (citing U.S.S.G. § 4B1.1(b))

appeal his judgment.

On December 27, 2016, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that his attorney provided ineffective assistance of counsel by failing to object to the application of the following guideline enhancements: 1) U.S.S.G. § 2D1.1(b)(12), 2) U.S.S.G. § 2D1.1(b)(13)(A), and 3) U.S.S.G. § 3C1.1. In its motion to dismiss, the government argues that petitioner's § 2255 motion should be dismissed because he has failed to state a claim under Strickland v. Washington, 466 U.S. 668 (1984).

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Petitioner fails to state claim.

Petitioner has raised three ineffective assistance of counsel claims. See Mot. Vacate (DE 485). In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland, 466 U.S. at 687. First, a petitioner must show that the representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential"

3

to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Under the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This court will apply the Strickland standard to each of petitioner's ineffective assistance of counsel claims in turn.

      a.      U.S.S.G. § 2D1.1(b)(12)

In his first claim, petitioner alleges that his attorney provided ineffective assistance by failing to object to the application of U.S.S.G. § 2D1.1(b)(12). Mot. Vacate (DE 485) at 4; Mem. (DE 485-1) at 5-8. Petitioner argues that there is nothing that proves that he maintained any particular premises on his property for the manufacturing process. Mem. (DE 485-1) at 6-7. Petitioner concludes that he was prejudiced by his attorney's deficient performance because his guideline range was erroneously increased by two levels. Id. at 8.

A two-level enhancement is warranted under § 2D1.1(b)(12) when a defendant "knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." U.S.S.G. § 2D1.1 cmt. n.17. The court considers the following when determining whether a defendant "maintained" the premises: "(A) whether the defendant held a possessory interest (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." Id. Importantly, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must

4

be one of the defendant's primary or principal uses for the premises." Id. (emphasis added).

Petitioner's counsel acted reasonably by not challenging the two-level enhancement under § 2D1.1(b)(12). The evidence before the court, as outlined in the Presentence Report ("PSR"), provides that petitioner maintained a barn/outbuilding on his property in Mount Olive, North Carolina to manufacture or produce methamphetamine. PSR ¶ 49. In October of 2012, an unindicted female informed law enforcement that she saw petitioner cook methamphetamine in a barn on his property and that he cooked methamphetamine on a daily basis. Id. ¶ 36. At petitioner's sentencing, the court found the basis for the findings in the PSR to be "credible and reliable" and adopted the findings contained therein. See Jan. 5, 2016 Tr. (DE 458) at 32:23-25.

This claim fails under the performance prong because petitioner's counsel may have reasonably concluded that the evidence outlined in the PSR was sufficient for the court to conclude that petitioner maintained a premises for the purpose of manufacturing or distributing methamphetamine. See Strickland, 466 U.S. at 689 (noting that a fair assessment of counsel's conduct requires an evaluation from counsel's perspective at the time); see also United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (holding that "[a]n attorney's failure to raise a meritless argument [ ]cannot form the basis of a successful ineffective assistance of counsel claim [.]"); Moore v. United States, 934 F.Supp. 724, 731 (E.D. Va. 1996) (holding the same). Because petitioner's claim fails under the performance prong, this court need not address the prejudice prong. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one."). Consequently, petitioner's first claim must be dismissed.

5

b. U.S.S.G. § 2D1.1(b)(13)(A)

Petitioner alleges in his second claim that his attorney provided ineffective assistance by failing to object to the application of U.S.S.G. § 2D1.1(b)(13)(A). Mot. Vacate (DE 485) at 5; Mem. (DE 485-1) at 8-13. Petitioner argues that there is no proof he violated any of the statutes listed in Application Note 18 regarding his possession of ammonia nitrate, anhydrous ammonia, or any other chemical. Mem. (DE 485-1) at 10. Petitioner concludes that he was prejudiced by his attorney's failure to object because he erroneously received a two-level enhancement. Mem. (DE 485-1) at 13.

A two-level enhancement is warranted under § 2D1.1(b)(13)(A) when "the offense involved (i) an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance; or (ii) the unlawful transportation, treatment, storage, or disposal of a hazardous waste." For this enhancement to apply, a defendant's conduct must violate one of several environmental statutes.[3] See U.S.S.G. § 2D1.1 cmt n.18.

Petitioner's counsel acted reasonably by not challenging the two-level enhancement under § 2D1.1(b)(13)(A). As reflected in his PSR, petitioner manufactured methamphetamine using an anhydrous ammonia method of conversion. PSR ¶ 31. The ammonia petitioner used was supplied by John Christopher Hall.[4] PSR ¶ 46. On several occasions, petitioner received tanks of ammonia

---

[3] A defendant's conduct must involve a discharge, emission, release, transportation, treatment, storage, or disposal violation under the Resource Conservation and Recovery Act, 42 U.S.C. § 6928(d); the Federal Water Pollution Control Act, 33 U.S.C. § 1319(c); the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9603(b); or 49 U.S.C. § 5124 (relating to violations of laws and regulations enforced by the Department of Transportation with respect to the transportation of hazardous materials). U.S.S.G. § 2D1.1 cmt. n.18.

[4] Petitioner and Hall were codefendants in a 22-count indictment filed on April 23, 2014.

to use in manufacturing methamphetamine. See PSR ¶¶ 46, 47. During an October 5, 2012 search of petitioner's residence and vehicle, the following was found: 43.8 grams of pseudoephedrine, lithium batteries, liquid drain opener, sulfuric acid, acetone, filters and tubing, fertilizer, ammonium nitrate, Coleman fuel, cylinder used for ammonia storage. PSR ¶ 36.

Petitioner's argument that there was no proof he violated any of the relevant statutes must also fail. The evidence showed that Powell received ammonia in tanks and cooked methamphetamine with ammonia, and therefore, he was responsible for the unlawful discharge, emission, or release of hazardous or toxic substances into the environment as well as the unlawful storage and disposal of hazardous waste. PSR ¶ 49; see, e.g., 42 U.S.C. § 6928(d); cf. United States v. McGee, 663 F. App'x 262, 264 (4th Cir. 2016) (finding that the district court properly applied the § 2D1.1(b)(13)(A) enhancement where the testimony before the court showed that the chemicals and byproducts defendant used in manufacturing methamphetamine all had the potential to cause serious harm to human life or the environment when handled improperly).

In sum, petitioner's claim fails under the performance prong of Strickland. Because petitioner's claim fails under the performance prong, this court need not address the prejudice prong. See Strickland, 466 U.S. at 697. Accordingly, petitioner's second claim will be dismissed.

    c. U.S.S.G. § 3C1.1

In his third claim, petitioner alleges that his attorney provided ineffective assistance of counsel by failing to object to the application of U.S.S.G. § 3C1.1. Mot. Vacate (DE 485) at 7; Mem. (DE 485-1) at 13-15. Petitioner argues that his actions were in no way an attempt to obstruct or impede the instant offense of conviction. Mem. (DE 485-1) at 14. Petitioner concludes that because his attorney failed to understand that his actions were not an attempt to obstruct justice, his

7

attorney improperly failed to object to the application of § 3C1.1. Id. at 15.

A two-level enhancement is appropriate under U.S.S.G. § 3C1.1 when a defendant "willfully . . . attempt[s] to obstruct or impede[ ]the administration of justice." The enhancement applies to a defendant who conceals "evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence)" or attempts to do so. U.S.S.G. § 3C1.1 cmt. n.4(D).

The facts underlying this enhancement are as follows: On October 22, 2012, in a recorded conversation made while petitioner was in custody, petitioner called his father from the Wayne County Jail following his arrest on state drug charges related to the instant offenses. PSR ¶ 43. Petitioner asked his father to remove and hide an AR-15 assault rifle located in petitioner's residence, as agents did not find the assault rifle during their initial search. PSR ¶¶ 43, 49. Agents subsequently discovered the jail phone recordings and then obtained and executed a search warrant. PSR ¶ 43. The rifle was then located, and it was determined to be stolen from Cumberland County, North Carolina. Id.

Because the recorded conversation between petitioner and his father provided ample evidentiary support for this enhancement, petitioner's counsel could have reasonably concluded that this enhancement was properly applied and challenging it would be futile. See Strickland, 466 U.S. at 689 (noting that a fair assessment of counsel's conduct requires an evaluation from counsel's perspective at the time). Consequently, petitioner's third claim will be dismissed.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 485) and GRANTS the government's motion to dismiss (DE 493). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of May, 2017.

                                                 _____
                                                 LOUISE W. FLANAGAN
                                                 United States District Judge